IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| TIFFANY PETTUS, | CASE NO. 1:24-CV-00668-BYP |
| Plaintiff, | JUDGE BENITA Y. PEARSON |
| vs. | MAGISTRATE JUDGE DARRELL A. CLAY |
| COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION, | REPORT AND RECOMMENDATION |
| Defendant. | |

Plaintiff Tiffany Pettus filed this action challenging the denial of social security benefits. (ECF #1). The District Court has jurisdiction under 42 U.S.C. §§ 1383(c) and 405(g). Pursuant to Local Civil Rule 72.2, this matter was referred to me to prepare a Report and Recommendation. (Non-document entry of April 15, 2024). The Commissioner filed the Transcript of Proceedings on June 7, 2024 (ECF #8), making Ms. Pettus's opening brief due July 22, 2024. (*See* ECF #6 at PageID 18) ("Plaintiff must file its Brief on the Merits within 45 calendar days of the filing of the Administrative Record.").

On July 15, 2024, Ms. Pettus sought a 30-day extension of time to file her brief due to the press of business. (ECF #9). I granted the motion and reset the deadline to August 22, 2024. (Non-document entry of July 16, 2024).

As of the date of this Report and Recommendation, Ms. Pettus has not submitted her brief, nor has she requested an extension of the deadline. For the following reasons, I recommend the Court dismiss the matter for want of prosecution.

If a plaintiff does not properly prosecute an action, a court may dismiss the matter pursuant to the court's inherent power to control its docket or involuntarily under Rule 41(b) of the Federal Rules of Civil Procedure. *Link v. Wabash R. Co.*, 370 U.S. 626, 630 (1962) (concluding district courts retain an inherent power to dismiss actions or claims sua sponte for lack of prosecution under Rule 41(b)). The authority to dismiss a case for failure to prosecute "is available

to the district court as a tool to effect management of its docket and avoidance of unnecessary burdens on the tax-supported courts and opposing parties." *Schafer v. City of Defiance Police Dept.*, 529 F.3d 731, 736 (6th Cir. 2008) (quoting *Knoll v. AT & T*, 176 F.3d 359, 363 (6th Cir. 1999)). Four factors guide a district court's decision to dismiss under Rule 41(b) for failure to prosecute: (1) whether the failure is due willfulness, bad faith, or fault; (2) whether the adversary is prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered. *Knoll,* 176 F.3d at 363.

All four factors favor dismissal. First, even after I extended the due date, Ms. Pettus did not file her brief; the extended deadline has passed by a week with no contact from Ms. Pettus. Second, upon the filing of Ms. Pettus's complaint, the Commissioner was required to assemble and file the Administrative Transcript of Proceedings to defend against Ms. Pettus's complaint, thereby expending agency resources. (ECF #8). Third, I informed Ms. Pettus that failing to file her brief would result in my recommending dismissal of this case for want of prosecution. (ECF #6 at PageID 18) ("If Plaintiff's Brief on the Merits is not filed within 45 calendar days after the Administrative Record is filed, this case may be subject to dismissal for want of prosecution without further notice."). Fourth, Ms. Pettus's brief is necessary to adjudicate her complaint; thus, a sanction less than dismissal would not be effective for resolution of the case.

Accordingly, after considering the factors, I find dismissal for want of prosecution is appropriate and therefore **RECOMMEND** the District Court dismiss this matter pursuant to Fed. R. Civ. P. 41(b).

Dated: August 29, 2024

DARRELL A. CLAY
UNITED STATES MAGISTRATE JUDGE

**OBJECTIONS, REVIEW, AND APPEAL**

**Within 14 days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to the**

proposed findings and recommendations of the Magistrate Judge. *See* Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1); Local Civ. R. 72.3(b). Properly asserted objections shall be reviewed de novo by the assigned district judge.

Failure to file objections within the specified time may result in the forfeiture or waiver of the right to raise the issue on appeal, either to the district judge or in a subsequent appeal to the United States Court of Appeals, depending on how or whether the party responds to the Report and Recommendation. *Berkshire v. Dahl*, 928 F.3d 520, 530 (6th Cir. 2019). Objections must be specific and not merely indicate a general objection to the entirety of the Report and Recommendation; "a general objection has the same effect as would a failure to object." *Howard v. Sec'y of Health and Hum. Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). Objections should focus on specific concerns and not merely restate the arguments in briefs submitted to the Magistrate Judge. "A reexamination of the exact same argument that was presented to the Magistrate Judge without specific objections 'wastes judicial resources rather than saving them and runs contrary to the purpose of the Magistrates Act.'" *Overholt v. Green*, No. 1:17-CV-00186, 2018 WL 3018175, at *2 (W.D. Ky. June 15, 2018) (quoting *Howard*, 932 F.2d at 509). The failure to assert specific objections may in rare cases be excused in the interest of justice. *See United States v. Wandahsega*, 924 F.3d 868, 878-79 (6th Cir. 2019).